IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TYRON ROBERTSON, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>ALLEGHENY COUNTY COURT OF )<br>COMMON PLEAS and COUNTY JAIL )<br>WARDEN STICKMAN, )<br>    Respondents. ) | Civil Action No. 12-1080<br><br>District Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Petitioner, Anthony Tyron Robertson, is a pretrial detainee awaiting disposition of state criminal charges. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. The petition has not been served yet but this Court may dismiss it if it plainly appears on its face that Robertson is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (which is applicable to § 2241 cases). That is the case here and, therefore, it is recommended that the petition be summarily dismissed without service.

**II.    REPORT**

    **A.    Relevant Background**

The docket sheets for the Common Pleas Court, the Magisterial District Judge, and the Pennsylvania Superior Court and Supreme Court are available online and this Court shall take judicial notice of them. Those dockets, along with the petition, establish the following facts. Robertson is in the pretrial stages of a criminal case in which he has been charged with numerous offenses, including aggravated assault, resisting arrest, and possession of a controlled substance, of marijuana, and of drug

1

paraphernalia. On April 26, 2012, Magisterial District Judge Anthony M. Mariani set bail at $20,000. Robertson did not post bail. His preliminary hearing was conducted on April 30, 2012, and he was held for court.

On May 23, 2012, Robertson's court-appointed attorney at the time, Cynthia Gail Cooke,[1] filed a motion for modification of bail. The Honorable Jeffrey A. Manning denied that motion on June 1, 2012, and revoked bail altogether "because of 'the nature of the charges and the other pending charges [Robertson] is facing now.'" [ECF No. 1-6 at 1; ECF No. 1-1 at 3].

On June 19, 2012, Robertson filed a *pro se* motion for habeas corpus with the Common Pleas Court in which he challenged the denial of bail and also argued that the Commonwealth failed to establish a *prima facie* case at his preliminary hearing. [ECF No. 1 at 2]. Pennsylvania does not permit "hybrid" representation and, therefore, state courts will not review *pro se* filings submitted by represented defendants. See, e.g., Commonwealth v. Ellis, 626 A.2d 1137 (Pa. 1993). Accordingly, on June 22, 2012, the Criminal Court Administrator sent Robertson a letter that stated, in relevant part:

> Dear Mr. Robertson:
>
> I am returning a copy of your Motion for Habeas Corpus and Motion to Quash Magistrate's Transcripts at CR# 5711-2012. Motions must be filed through your attorney.

[ECF No. 1-2 at 1].

Robertson next submitted his *pro se* motions to the Superior Court of Pennsylvania. On June 29, 2012, the Superior Court issued the following order:

> As the trial court docket indicates that petitioner Robertson is represented by Regina Marie Brown, Esquire, petitioner's June 22, 2012 *pro se* "petition for habeas corpus" and petitioner's *pro se* "motion to quash magistrate[']s transcript and/or petition for writ of

---

[1] The Common Pleas Court's docket sheet indicates that Robertson is currently represented by Emily Clare McNally, Esquire.

>    habeas corpus" are DENIED WITHOUT PREJUDICE and REFERRED to attorney
>    Brown pursuant to Commonwealth v. Ellis, 626 A.2d 1137 (Pa. 1993).

[ECF No. 1-1 at 1].

Robertson contends that he has submitted a "writ of mandamus" with the Supreme Court of Pennsylvania which has not yet been ruled upon. (No record of that action appears on the Supreme Court's docket). In addition, on July 17, 2012, he filed with the Common Pleas Court a *pro se* "motion to dismiss for due process violation." As with his earlier *pro se* filing, the Common Pleas Court will not consider that *pro se* motion since Robertson has counsel representing him.

Robertson is currently confined in the Allegheny County Jail and his trial is scheduled for September 12, 2012.

In the instant petition for a writ of habeas corpus, Robertson raises two claims. First, he challenges Judge Manning's decision to deny him bail, which he claims he is entitled to "under Pennsylvania Rules of Criminal Procedure Rule 520 and Pennsylvania Constitution Article I-14." [ECF No. 1 at 7]. Second, he contends that "there was no evidence presented at the preliminary hearing to support the charges that the police officers charged me with." [ECF No. 1 at 7]. As relief, he seeks an order from this Court directing that he be released "on R&R bail and/or … that the charges against me be dismissed." [ECF No. 1 at 8].

B.  **Discussion**

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and Peyton v. Rowe, 391 U.S. 54 (1967)). A state prisoner's petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the *judgment* of a state court. See Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001). When an individual is in state custody for reasons other than a judgment of

3

a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241.  Moore, 515 F.2d at 441-43; 1-5 R. Hertz & J. Liebman FEDERAL HABEAS PRACTICE AND PROCEDURE § 5.3 n.6 (Nov. 2011) (collecting cases).  Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States."  § 2241(c)(3).

While the Court has jurisdiction under § 2241 to entertain Robertson's pretrial habeas corpus petition, it is clear that he is not entitled to habeas relief at this time.  First, to the extent that he has raised any federal constitutional claims in his petition,[2] he has failed to exhaust them.  In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts.  See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).  It is the petitioner's burden to demonstrate that he raised the claim in the proper state forums through the proper vehicle, not just that he raised a federal constitutional claim before a state court at some point.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (a petitioner must have presented a claim through the "established" means of presenting a claim in state court at the time); Ellison v. Rogers, 484 F.3d 658, 660-62 (3d Cir. 2007) (the petitioner's claims of ineffective assistance were not exhausted properly even though he had raised those claims on direct review, because state law required that ineffective assistance claims be raised in state post-conviction review, and the petitioner had not sought such review).  Although Robertson has filed some *pro* se motions in which it appears that he has raised the same claims at issue here, he has not exhausted those claims because the state courts did not consider them since he is represented by counsel.  In Moore, the

---

[2]     Robertson claims that he is entitled to bail under the Pennsylvania Constitution and the Pennsylvania Rules of Civil Procedure.  [ECF No. 1 at 7].  However, in order to obtain habeas relief, he must establish a violation of his federal constitutional right.  28 U.S.C. § 2241.  Errors of state law are not cognizable.  See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  "Although the Eighth Amendment to the Constitution of the United States protects an accused from the imposition of excessive bail, this same provision does not invest the accused with an automatic right to bail."  PENNSYLVANIA CRIMINAL PROCEDURE: ELEMENTS, ANALYSIS, AND APPLICATION at 472 (Bruce A. Antkowiak, ed., 2008) (citing Commonwealth v. Fowler, 304 A2d 124, 126 (Pa. 1973) ("[T]he Eighth Amendment has never been interpreted as requiring bail for every offender of state laws irrespective of the gravity of the offense, prior to trial.")).

Court of Appeals instructed "that jurisdiction without exhaustion *should not be exercised at the pre-trial stage unless extraordinary circumstances are present*." Id. at 443 (emphasis added). No extraordinary circumstances are presented in the petition.

Second, where state court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1981). Moore, 515 F.2d at 447-48. Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." Id.; Moore, 515 F.2d at 448. See also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Younger abstention (July 2012).

Here, there is an ongoing state judicial proceeding, as Robertson is a defendant in a state criminal prosecution, and it is clear that granting his request for relief would interfere with those proceedings. In addition, the state's criminal case against him undoubtedly implicates the important state interests of the state's enforcement of its criminal laws. Finally, Robertson does have the opportunity to raise constitutional claims in the context of his state criminal proceedings. Thus, Robertson's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger.

Based upon all of the foregoing, Robertson is not entitled to a writ of habeas corpus under § 2241 and his petition should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Robertson is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: August 22, 2012 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
United States District Judge